1  **FOLEY & LARDNER LLP**
   ONE MARITIME PLAZA, SIXTH FLOOR
   SAN FRANCISCO, CA 94111-3409
2  TELEPHONE: 415.434.4484
   FACSIMILE: 415.434.4507
3
   MICHAEL E. DELEHUNT CA BAR NO. 070619
   MDELEHUNT@FOLEY.COM
4  PAGE R. BARNES CA BAR NO. 154539
   PBARNES@FOLEY.COM
   ATTORNEYS FOR DEFENDANTS AND
5  COUNTER CLAIMANTS
   ERIC LEVINE AND CALIFORNIA WOW
6  XPERIENCE PLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIKRAM'S YOGA COLLEGE OF INDIA, L.P. A CALIFORNIA LIMITED PARTNERSHIP,<br><br>PLAINTIFF,<br><br>VS.<br><br>ERIC LEVINE, AN INDIVIDUAL; CALIFORNIA WOW XPERIENCE COMPANY LIMITED, A THAI CORPORATION; NARINA PANICHPONA, AN INDIVIDUAL; MASTER KAMAL, AN INDIVIDUAL; AND DOES 1-50,<br><br>DEFENDANTS. | CASE NO: CV08-03407 DDP<br><br>**COUNTERCLAIM (DEMAND FOR JURY TRIAL)**<br><br>TRIAL DATE: NONE<br><br>CASE FILED: NOVEMBER 29, 2007<br>REMOVED: MAY 23, 2008 |
| ERIC LEVINE, AN INDIVIDUAL; CALIFORNIA WOW XPERIENCE PLC, A THAI CORPORATION,<br><br>COUNTERCLAIMANTS<br><br>VS.<br><br>BIKRAM'S YOGA COLLEGE OF INDIA, L.P. A PURPORTED CALIFORNIA LIMITED PARTNERSHIP; BIKRAM CHOUDHURY; AN INDIVIDUAL, AND DOES 1 100,<br><br>COUNTERCLAIM DEFENDANTS. | |

Counterclaimants Eric Levine ("Levine") and California Wow Experience Company PLC ("California Wow") (collectively "Counterclaimants") complain against counterclaim defendants Bikram Choudhury ("Bikram"), doing business as Bikram's Yoga College of India, L.P. ("BYCOI"), and Doe Counterclaim Defendants 1 through 100, inclusive (collectively " Counterclaim Defendants"), and allege as follows:

## STATEMENT OF CLAIM

1. Counterclaimant Eric Levine is an entrepreneur who operates fitness centers throughout East Asia. In an effort to expand services to members, Levine developed business plans for the fitness centers which contemplated that yoga instruction would become an integral part of the services offered at the centers.

2. In 2003 or 2004, Levine was introduced to Bikram. Bikram purported to be the developer of a unique yoga method and program consisting of 26 yoga postures and 2 breathing exercises taught in a precise sequence in a heated room ("the Bikram Yoga Program"). Because Levine was interested in expanding yoga options at his affiliated fitness clubs, Levine and Bikram began negotiations which would allow the Bikram Yoga Program to be taught at the fitness centers affiliated with Levine and to expand the relationship and develop the brand through the East Asian market.

3. During the negotiations, Bikram was told that the purpose of the agreements would be to include yoga classes in the Levine affiliated clubs in East Asia as well as to open a chain of stand alone yoga schools. During the negotiations Bikram communicated his understanding of the plan to offer classes in the fitness centers and his agreement with the core concept of brand expansion in East Asia. Levine sought to develop the Bikram Yoga brand and this broad development of Bikram's yoga brand was key to creation of a profitable enterprise in Levine affiliated clubs.

## THE AGREEMENT

4. Accordingly, on or about January 4, 2004, Bikram dba BYCOI entered into a series of License Agreements which were signed by counterclaimant Levine. The name of the Licensee was omitted from the Agreements. One such agreement gave the

2
COUNTERCLAIM
CASE NO.CV08-03407 DDP

SFCA_1380446.1

Licensee the right to use the Bikram Yoga Program in facilities in Thailand ("the Thai License Agreement.")

5. At the time that Levine signed the Thai License Agreement, he was a shareholder and CEO of California Fitness Center Company Limited which operated fitness clubs in Thailand under the name "California Wow Xperience." California Fitness Center Company Limited's name was changed to California Wow Xperience PLC in September 2004. Counterclaimants are informed and believe and thereon allege that Bikram/BYCOI was aware of Levine's relationship to California Fitness Center Company Limited at the time that the Thai License Agreement was signed and knew that implementation of the license agreement would be accomplished through teaching Bikram Yoga Program classes at California Wow fitness centers in Thailand.

6. The Thai License Agreement gave the Licensee the right to conduct classes using the Bikram Yoga Program in Thailand. The Thai License Agreement further recited that the Licensee (Levine) obtained the right to develop and operate Bikram Yoga Schools in Thailand.

7. The Thai License Agreement also contemplated that Bikram/BYCOI would ultimately enter into a Master Development Agreement for a territory to be defined in East Asia. The term of the Thai License Agreement was for an initial period of 10 years with an option to renew for an additional 10 years.

8. On or about January 4, 2004, Bikram/BYCOI entered into similar agreements which were signed by Levine and Bikram/BYCOI conferring upon Levine the right to implement and develop the Bikram Yoga Program in Singapore, Hong Kong and South Korea. Again, the name of the Licensee was omitted from those Agreements.

9. The Thai License Agreement further provided that during the term of the agreement, Bikram/BYCOI would protect the value of the license conferred by not operating or granting to another person the right to operate a Bikram Yoga Studio in Thailand. Limited exceptions were permitted for certain licensees with pre-existing license agreements.

10. The Thai License Agreement required the Licensee to conduct classes in accordance with the Bikram Yoga Program. The Thai License Agreement also placed limitations on the Licensee's use of certain advertising and marketing materials and the use of trademarks that purportedly belonged to Bikram. The Thai License Agreement, however, expressly provided that the parties could modify these restrictions with the consent of Bikram/BYCOI.

11. On or about February 7, 2004, Bikram expressly authorized Levine, in writing, to have Levine's representative companies register the alleged trademarks and copyrights of BYCOI. Pursuant to the terms of the Thai License agreement, Bikram/BYCOI retained exclusive control over the protection of the alleged trademarks and the Bikram Yoga Program.

12. On January 28, 2005, Bikram expressly agreed in writing to allow Levine to open Bikram yoga studios in the Levine affiliated fitness centers in Asia.

13. On November 16, 2005, Bikram/BYCOI also signed a written confirmation that California Wow was authorized to open a yoga studio in the California Wow club located in the Siam Paragon shopping mall in Bangkok.

14. California Wow entered into employment agreements with non-Thai instructors who had been trained to teach classes using the Bikram Yoga Program. Furthermore, California Wow recruited Thai nationals to become Bikram Yoga Program instructors and entered into employment contracts with them.

15. On several occasions, Bikram traveled to Thailand and visited the California Wow Xperience fitness centers. He observed and even taught classes at California Wow gyms. At no time during these visits did Bikram object to any yoga methods or classes being taught at the California Wow gyms.

16. Pursuant to the Thai License Agreement, the Licensee was required to pay Bikram an up front fee of $50,000 plus $5,000 per month for each Bikram Yoga School licensee in Thailand. Payments under the Thai License Agreement were timely made by California Wow to BYCOI.

## BIKRAM/BYCOI'S BREACHES

17. After California Wow started using the Bikram Yoga Program in its fitness centers, California Wow became aware that some of its competitors in Thailand were advertising Bikram yoga classes at their facilities and using Bikram/BYCOI's alleged trademarks. Counterclaimants are informed and believe and thereon allege that these competitors did not have pre-existing license agreements with Bikram/BYCOI. California Wow and Levine repeatedly notified Bikram/BYCOI that competitors were advertising Bikram Yoga Program classes and using the alleged trademarks and demanded that Bikram/BYCOI to enforce its property rights. Despite these repeated requests, Counterclaimants are informed and believe and thereon allege that Bikram/BYCOI refused to take any action to stop the competitors from advertising classes using the Bikram Yoga Program or to protect the alleged trademarks despite ongoing damage to Levine and his affiliated clubs, including California Wow.

18. In June 2006, a dispute arose between Bikram and California Wow concerning the amount of fees paid by California Wow. Ultimately, those fees were paid by California Wow although certain issues relating to Bikram's personal travel expenses remained in dispute.

19. Counterclaimants are informed and believe and thereon allege that in or before August 2006, Bikram wrongfully and without cause entered into negotiations with Patrick Wee ("Wee"), the owner of True Fitness Company Ltd ("True Fitness") to offer Bikram Yoga Program classes at True Fitness in breach of the Thai License Agreement. Counterclaimants are further informed and believe and thereon allege that Wee is the owner of True Yoga, a competitor of California Wow in Thailand.

20. Counterclaimants are informed and believe and thereon allege that in August 2006, Bikram traveled to Thailand and arranged a dinner, the purpose of which was to introduce employees of California Wow to Wee, in violation of the Thai License Agreement, and to encourage California Wow employees to terminate their employment with California Wow and go to work as Bikram Yoga Program instructors at True

SFCA_1380446.1

Fitness.

21. Counterclaimants are informed and believe and thereon allege that Bikram/BYCOI entered into a license agreement with True Fitness and/or Wee to offer Bikram Yoga Program classes at True Yoga and allowed True Fitness to advertise Bikram Yoga Program classes at True Yoga in direct competition with California Wow and in breach of the Thai License Agreement.

22. Counterclaimants are further informed and believe that Bikram/BYCOI reached an agreement with Wee and/or True Fitness permitting Bikram Yoga Program classes to be taught at True Yoga and purportedly allowing True Fitness to use the alleged trademarks and copyrights of Bikram/BYCOI which had been registered in Thailand in the name of Levine's representative companies and in further breach of the Thai License Agreement.

23. On or about August 13, 2007, Bikram/BYCOI sent a letter to Levine which purported to terminate the existing license agreements, including the Thai License Agreement. Bikram/BYCOI purported to terminate the Thai license agreement on the grounds that Levine had transferred rights under the license and trademark agreements to California Wow and other entities. The grounds stated are without merit. Bikram/BYCOI had consented in writing to allow Levine to operate yoga studios in California Wow fitness centers in Thailand, and had permitted Levine to license the alleged trademarks. Moreover, Counterclaimants are informed and believe and thereon allege that Bikram/BYCOI knew that certain rights under the Thai License Agreement were being exercised by California Wow and other Levine affiliated entities and fully agreed to such use. Bikram had continuously received payments directly from California Wow for years and had personally visited the California Wow fitness centers. Accordingly, there was no basis for termination.

24. Counterclaimant is informed and believes and thereon alleges that the purported basis for termination was a sham to allow Bikram/BYCOI to enter into an agreement with Wee and/or True Fitness that was more favorable to Bikram/BYCOI.

SFCA_1380446.1

25. As a result of Bikram/BYCOI's wrongful termination of the Thai License Agreement, Counterclaimants were forced to cease profitable activities related to the Bikram Yoga Program. Moreover, Counterclaimants are informed and believe that Bikram/BYCOI induced California Wow employees to terminate their employment agreements with California Wow and to go to work for Wee and/or True Fitness. Neither Levine nor California Wow were reimbursed for the expenses they had incurred in connection with the training of the employees who terminated their employment agreements.

26. In addition, as a result of Bikram/BYCOI's wrongful termination of the Thai license agreement, California Wow was forced to stop offering Bikram Yoga Program classes and to incur the cost of developing its own yoga program and classes. Levine and California Wow suffered losses of customer revenue when they were not able to offer Bikram Yoga Program classes, during the period of time when California Wow's own yoga program was being developed and thereafter.

**PARTIES**

27. Counterclaimant California Wow is a public limited company formed pursuant to the laws of Thailand with its principal place of business in Bangkok, Thailand.

28. Counterclaimant Levine is an individual domiciled in Thailand. He is Chief Executive Officer of California Wow.

29. Counterclaimants are informed and believe, and on that basis allege, that Bikram does business under the fictitious business name of BYCOI. Although BYCOI purports to be a California limited partnership, Counterclaimants are informed and believe, and on that basis allege, that BYCOI is not registered to do business in the State of California. Accordingly, Counterclaimants are informed and believe, and on that basis allege, that BYCOI lacks capacity to sue or defend in this jurisdiction. Counterclaimants are further informed and believe, and on that basis allege, that BYCOI's principal place of business is in Los Angeles, California.

30. Counterclaimants are informed and believe, and on that basis allege, that Bikram is an individual domiciled in Los Angeles, California. Counterclaimants are further informed and believe that Bikram is a partner in BYCOI. Bikram is sued herein as an individual and in his capacity as a partner of BYCOI.

31. The true names and capacities, whether individual, corporate, associate or otherwise, of those defendants sues herein as Doe Counterclaim Defendants 1 through 100, inclusive, are presently unknown to Counterclaimants, who therefore sue said defendants by fictitious names. Counterclaimants are informed and believe and thereon allege that Doe Counterclaim Defendants 1 through 100 are not domiciled in the State of California. Whenever in this Complaint reference is made to "Counterclaim Defendants," such allegation shall be deemed to mean the acts of all of the defendants mentions in this paragraph and those above, acting individually, jointly or severally.

## JURISDICTION AND VENUE

32. The jurisdiction of this Court over the subject matter of this action is predicated on 28 USC § 1332. The amount in controversy exceeds $75,000.00 exclusive of interest and costs.

33. Section 17.6 of the Thai license agreement provides that any dispute arising therefrom shall be litigated in Los Angeles, California and shall be governed by California law.

## FIRST CLAIM FOR RELIEF

**(Breach of Written Contract -- by Levine against all Counterclaim Defendants)**

34. Counterclaimants incorporate in this claim for relief allegations contained in paragraphs 1 through 33 of this Counterclaim as though fully set forth herein.

35. On or about January 4, 2004, Bikram dba BYCOI entered into the Thai License Agreement which was signed by counterclaimant Levine. The name of the Licensee was omitted from the Agreements.

36. The Thai License Agreement further provided that during the term of the agreement, Bikram/BYCOI would protect the value of the license conferred by not

8
COUNTERCLAIM
CASE NO.CV08-03407 DDP

SFCA_1380446.1

operating or granting to another person the right to operate a Bikram Yoga Studio in Thailand. Limited exceptions were permitted for certain licensees with pre-existing license agreements.

37. On January 28, 2005, Bikram expressly agreed in writing to allow Levine to open Bikram yoga studios in the Levine affiliated fitness centers in Asia.

38. On November 16, 2005, Bikram/BYCOI also signed a written confirmation that California Wow was authorized to open a yoga studio in the California Wow club located in the Siam Paragon shopping mall in Bangkok.

39. Bikram/BYCOI's breaches of the Thai License Agreement include the following :

    A. Counterclaimants are informed and believe and thereon allege that after January 4, 2004, Bikram/BYCOI granted to persons (other than pre-existing licensees) the right to operate a Bikram Yoga Studio and classes in Thailand.

    B. Further, despite repeated requests from Levine and California Wow, Counterclaimants are informed and believe and thereon allege that Bikram/BYCOI refused to take any action against persons and entities who were advertising Bikram Yoga Program classes at competing fitness centers in Thailand.

    C. Bikram/BYCOI failed to perform his contractual obligation to help the Licensee market the Bikram Yoga Program by providing marketing and advertising materials.

    D. Bikram/BYCOI wrongfully invoked that provisions of Section 12.2.3 and terminated the contract. Thereafter Bikram/BYCOI refused to satisfy any of the obligations of Bikram/BYCOI under the License Agreement.

40. Counterclaimants have performed all the acts, services and conditions required by the Agreements to be performed on their part.

41. As a result of said breaches, Levine has been damaged in an amount to be proven at trial but very substantially in excess of $75,000. Further, Levine is entitled to recover his reasonable attorneys fees and expenses under the Thai License Agreement.

SFCA_1380446.1

## SECOND CLAIM FOR RELIEF

**(Breach of Written Contract -- by California WOW as Third Party Beneficiary of the Thai License Agreement against all Counterclaim Defendants)**

42. Counterclaimants incorporate in this claim for relief the allegations contained in paragraphs 1 through 41 of this Counterclaim as though fully set forth herein.

43. On or about January 4, 2004, Bikram dba BYCOI entered into the Thai License Agreement which was signed by counterclaimant Levine. The name of the Licensee was omitted from the Agreements. Counterclaimant California Wow is informed and believe that Bikram and Levine expressly agreed that California Wow would be a direct third party beneficiary of the agreements.

44. On or about January 4, 2004, Bikram dba BYCOI entered into the Thai License Agreement which was signed by counterclaimant Levine. The name of the Licensee was omitted from the Agreements.

45. The Thai License Agreement further provided that during the term of the agreement, Bikram/BYCOI would protect the value of the license conferred by not operating or granting to another person the right to operate a Bikram Yoga Studio in Thailand. Limited exceptions were permitted for certain licensees with pre-existing license agreements.

46. On January 28, 2005, Bikram expressly agreed in writing to allow Levine to open Bikram yoga studios in the Levine affiliated fitness centers in Asia.

47. On November 16, 2005, Bikram/BYCOI also signed a written confirmation that California Wow was authorized to open a yoga studio in the California Wow club located in the Siam Paragon shopping mall in Bangkok.

48. Bikram/BYCOI's breaches of the Thai License Agreement include the following :

    A. Counterclaimants are informed and believe and thereon allege that after January 4, 2004, Bikram/BYCOI granted to persons (other than pre-existing

SFCA_1380446.1

licensees) the right to operate a Bikram Yoga Studio and classes in Thailand.

      B.     Further, despite repeated requests from Levine and California Wow, Counterclaimants are informed and believe and thereon allege that Bikram/BYCOI refused to take any action against persons and entities who were advertising Bikram Yoga Program classes at competing fitness centers in Thailand.

      C.     Bikram/BYCOI failed to perform his contractual obligation to help the Licensee market the Bikram Yoga Program by providing marketing and advertising materials.

      D.     Bikram/BYCOI wrongfully invoked that provisions of Section 12.2.3 and terminated the contract. Thereafter Bikram/BYCOI refused to satisfy any of the obligations of Bikram/BYCOI under the License Agreement.

49. Counterclaimants have performed all the acts, services and conditions required by the Agreements to be performed on their part.

50. As a result of said breaches, California Wow has been damaged in an amount to be proven at trial but very substantially in excess of $75,000. Further, Levine is entitled to recover his reasonable attorneys fees and expenses under the Thai License Agreement.

### THIRD CLAIM FOR RELIEF

**(Tortious Interference with Contract/Prospective Economic Advantage Against All Counterclaim Defendants)**

51. Counterclaimants incorporate in this claim for relief the allegations contained in paragraphs 1 through 50 of this Counterclaim as though fully set forth herein.

52. Levine entered into the Thai License Agreement with Bikram/BYCOI for the purpose of including yoga classes in the Levine affiliated clubs in East Asia as well as to open a chain of stand alone yoga schools. During the negotiations Bikram communicated his understanding of the plan to offer classes in the fitness centers and his agreement with the core concept of brand expansion in East Asia. Levine sought to

11
COUNTERCLAIM
CASE NO.CV08-03407 DDP

SFCA_1380446.1

develop the Bikram Yoga brand and this broad development of Bikram's yoga brand was key to creation of a profitable enterprise in Levine affiliated clubs.

53. Counterclaimants are informed and believe and thereon allege that at all times relevant hereto, Counterclaim Defendants, and each of them, knew or should have known that the economic and contractual relationships Between Counterclaimants and the customers and employees of California Wow, and knew or should have know that the economic and contractual relationships were likely to produce future economic benefit to Counterclaimants.

54. Counterclaimants are informed and believe and thereon allege that at all times relevant hereto, Counterclaim Defendants, and each of them, have sought to disrupt Counterclaimant's economic and contractual relations with California Wow's customers by, for example, allowing competitors to advertise Bikram Yoga Program classes when California Wow had exclusive rights to the Bikram Yoga Program, encouraging California Wow employees to terminate their contracts with California Wow and enter into employment agreements with True Fitness, and by wrongfully attempting to prevent California Wow from offering an alternative yoga program to its fitness center members.

55. As a direct result of Counterclaim Defendants' conduct the contractual relationships between California Wow and its customers and California Wow and its employees have been disrupted.

56. As a direct and proximate result of Counterclaim Defendants' interference with Counterclaimants' economic advantage, Counterclaimants have each been damaged in an amount substantially in excess of $75,000, the exact amount of which is subject to proof at trial.

57. The above-described conduct of Counterclaim Defendants, and each of them, was willful and was intended to cause injury to Counterclaimants, who are therefore entitled to awards of exemplary or punitive damages.

///

///

12
COUNTERCLAIM
CASE NO.CV08-03407 DDP

## FOURTH CLAIM FOR RELIEF

### (Fraud -- by Counterclaimants Against All Counterclaim Defendants)

58. Counterclaimants incorporate in this claim for relief the allegations contained in paragraphs 1 through 57 of this Counterclaim as though fully set forth herein.

59. Counterclaimants are informed and believe that during the negotiation of the Thai License Agreement, Bikram individually and in his capacity as partner of BYCOI became aware that Levine was affiliated with Fitness clubs in Thailand that operated under the name "California Wow Xperience." Bikram told Levine that the License Agreement would permit Bikram Yoga Program classes to be taught in the clubs affiliated with Levine, including California Wow fitness centers, without the prior written consent of Bikram or BYCOI. Bikram further told Levine that he would move to prevent competitors (except those with pre-existing licenses) from advertising or offering the Bikram Yoga Program at competitors' clubs.

60. Counterclaimants are further informed and believe and thereon allege that during the negotiations of the Thai License Agreement, Bikram was aware of misuse of the Bikram Yoga Program brand name and the alleged trademarks and copyrights in the Thai market by unlicensed yoga providers. Counterclaimants are further informed and believe and thereon allege that Bikram understood that the value of the brand name and the alleged trademarks and copyrights substantially decreased the value of the Thai License Agreement.

61. Counterclaimants are further informed and believe and thereon allege that despite Bikram's knowledge of the misuse of the brand name, the misuse of the alleged copyrights and trademarks, and the substantially diminished value of the brand and alleged trademarks and copyrights, Bikram failed to disclose such information to Levine. Moreover, before and during the negotiation of the Thai License Agreement, Levine had no knowledge of the misuse of the brand name, the misuse of the alleged trademarks and copyrights and the diminished value of the Thai License Agreement.

62. Counterclaimants are informed and believe and thereon allege that the statements made by Bikram/BYCOI were false and misleading and were intended to induce Levine to sign the License Agreements. Counterclaimants are informed and believe and thereon allege that Bikram/BYCOI also knew of the pre-existing undisclosed problems with respect to misuse and had no intention of taking any action to prevent competitors from offering or advertising the Bikram Yoga Program. Further, Counterclaimants are informed and believe and thereon allege that Bikram/BYCOI did not intend to honor the commitment to allow the Bikram Yoga Programs to be taught at California Wow clubs without prior written consent. Counterclaimants are further informed and believe that Bikram/BYCOI intended to induce Levine to rely on these misrepresentations to induce him to enter into the license agreements.

63. Levine justifiably relied on Bikram/BYCOI's representations and, as a direct and proximate result of Levine's reliance on Bikram's misrepresentations, Levine was induced to enter into the Thai License Agreement. When Bikram/BYCOI failed to take action to protect competitors from using and advertising the Yoga Club, Levine and California Wow's ability to attract and retain customers was harmed and Counterclaimants were damaged in an amount in excess of $75,000, the amount to be proven at trial. Further, Counterclaimants are informed and believe and thereon allege that Bikram/BYCOI used the non-assignment issue as a pretext for wrongfully terminating the License Agreement. As a result of the loss of the ability to offer the Bikram Yoga Program at California Wow Fitness Clubs, Counterclaimants were damaged in an amount substantially in excess of $75,000, the exact amount to be proven at trial.

64. The above-described conduct of Counterclaim Defendants, and each of them, was willful and was intended to cause injury to Counterclaimants, who are therefore entitled to awards of exemplary or punitive damages.

///

///

SFCA_1380446.1

## FIFTH CLAIM FOR RELIEF

### (Negligent Misrepresentation -- by Counterclaimants Against All Counterclaim Defendants)

65. Counterclaimants incorporate in this claim for relief the allegations contained in paragraphs 1 through 64 of this Counterclaim as though fully set forth herein.

66. Counterclaimants are informed and believe that during the negotiation of the Thai License Agreement, Bikram individually and in his capacity as partner of BYCOI became aware that Levine was affiliated with Fitness clubs in Thailand that operated under the name "California Wow Xperience." Bikram told Levine that the License Agreement would permit Bikram Yoga Program classes to be taught in the clubs affiliated with Levine, including California Wow fitness centers, without the prior written consent of Bikram or BYCOI. Bikram further told Levine that he would move to prevent competitors (except those with pre-existing licenses) from advertising or offering the Bikram Yoga Program at competitors' clubs.

67. Counterclaimants are further informed and believe that Bikram made the above misrepresentations without reasonable grounds for such beliefs. Counterclaimants are further informed and believe and thereon allege that during the negotiations of the Thai License Agreement, Bikram was aware of misuse of the Bikram Yoga Program brand name and the alleged trademarks and copyrights in the Thai market by unlicensed yoga providers. Counterclaimants are further informed and believe and thereon allege that Bikram understood that the value of the brand name and the alleged trademarks and copyrights substantially decreased the value of the Thai License Agreement.

68. Moreover, before and during the negotiation of the Thai License Agreement, Levine had no knowledge of the misuse of the brand name, the misuse of the alleged trademarks and copyrights and the diminished value of the Thai License Agreement.

69. Levine justifiably relied on Bikram/BYCOI's representations and, as a

15
COUNTERCLAIM
CASE NO.CV08-03407 DDP

direct and proximate result of Levine's reliance on Bikram's misrepresentations, Levine was induced to enter into the Thai License Agreement. When Bikram/BYCOI failed to take action to protect competitors from using and advertising the Yoga Club, Levine and California Wow's ability to attract and retain customers was harmed and Counterclaimants were damaged in an amount in excess of $75,000, the amount to be proven at trial. Further, Counterclaimants are informed and believe and thereon allege that Bikram/BYCOI used the non-assignment issue as a pretext for wrongfully terminating the License Agreement. As a result of the loss of the ability to offer the Bikram Yoga Program at California Wow Fitness Clubs, Counterclaimants were damaged in an amount substantially in excess of $75,000, the exact amount to be proven at trial.

## SIXTH CLAIM FOR RELIEF

**(Unfair Business Practices Pursuant to Business and Professions Code § 17200 et seq. -- by Counterclaimants Against All Counterclaim Defendants)**

70. Counterclaimants incorporate in this claim for relief the allegations contained in paragraphs 1 through 69 of this Counterclaim as though fully set forth herein.

71. The aforesaid acts of Counterclaim Defendants constitute unlawful, unfair and fraudulent business practices in violation of California Business & Professions Code § 17200 et seq.

72. As a direct, proximate and foreseeable result of the acts of Counterclaim Defendants alleged herein, Counterclaimants have suffered injury, including but not limited to loss of revenue, disruption of business operations and increased costs.

73. Counterclaimants are entitled to relief, including full restitution and/or disgorgement of all revenues, earnings, profits, compensation, and benefits that may have been obtained by Counterclaim Defendants as a result of such unfair business acts or practices.

///

SFCA_1380446.1

## PRAYER FOR RELIEF

WHEREFORE, Counterclaimants pray for relief as follows:

1. Actual damages in an amount in excess of $75,000, the exact amount to be proven at trial;

2. Punitive and exemplary damages are permitted by law;

3. An order requiring Counterclaim Defendants to make restitution to Counterclaimants and disgorging all earnings, profits, compensation and benefits obtained by Counterclaim Defendants as a result of Defendant's conduct in violation of California Business & Professions Code § 17200 et seq.;

4. Attorneys fees and costs as permitted by the terms of the agreements or as provided by law;

5. Prejudgment and post-judgment interest at the maximum legal rate; and

6. Any other relief as the Court deems just and proper.

DATE: MAY 28, 2008

FOLEY & LARDNER LLP
MICHAEL E. DELEHUNT
PAGE R. BARNES

By: _____
PAGE R. BARNES
ATTORNEYS FOR DEFENDANTS AND
COUNTER CLAIMANTS
ERIC LEVINE AND CALIFORNIA WOW
XPERIENCE PLC

SFCA_1380446.1

**DEMAND FOR JURY TRIAL**

Defendants and Counterclaimants hereby demand a jury trial as provided by Rule 18(e) of the Federal Rules of Civil Procedure.

DATE: MAY 28, 2008

FOLEY & LARDNER LLP
MICHAEL E. DELEHUNT
PAGE R. BARNES

By: _____
PAGE R. BARNES
ATTORNEYS FOR DEFENDANTS AND
COUNTER CLAIMANTS
ERIC LEVINE AND CALIFORNIA WOW
XPERIENCE PLC