Diana Spielberger, Esq. (SBN 109967)
LAW OFFICES OF DIANA SPIELBERGER
2115 Main Street
Santa Monica, CA 90405
Telephone: (310)399-3259
Facsimile: (310)914-1879

Attorneys for Plaintiff and Counter
Defendant Bikram's Yoga College of India, L.P.
and Counter Defendant Bikram Choudhury

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIKRAM'S YOGA COLLEGE OF INDIA, L.P., a California limited partnership,<br><br>Plaintiff,<br><br>vs.<br><br>ERIC LEVINE, an individual, CALIFORNIA WOW XPERIENCE COMPANY LIMITED, a Thai corporation, NARINA PANICHPONA, an individual, MASTER KAMAL, an individual; and DOES 1 - 50,<br><br>Defendants<br><br>ERIC LEVINE, an individual; CALIFORNIA WOW XPERIENCE PLC, a Thai corporation,<br><br>Counterclaimants,<br><br>vs.<br><br>BIKRAM'S YOGA COLLEGE OF INDIA, L.P., a purported California Limited Partnership; BIKRAM CHOUDHURY, an individual, and DOES 1 to 100,<br><br>Counterclaim Defendants. | CASE NO. CV08-03407 DDP (PLA)<br><br>Case Filed: November 29, 2007<br>Removed: May 23, 2008<br><br>COUNTER DEFENDANTS BIKRAM'S YOGA COLLEGE OF INDIA, L.P. AND BIKRAM CHOUDHURY'S REPLY TO COUNTERCLAIM<br><br>DEMAND FOR JURY TRIAL |

Counter Defendants Bikram's Yoga College of India, L.P. (hereinafter referred to as "BYCOI") and Bikram Choudhury (hereinafter "Bikram"), collectively referred to as "Counter Defendants," in answer to the counterclaim of Eric Levine ("Levine") and California WOW Xperience PLC (hereinafter "CA WOW"), collectively referred to as "Counterclaimants", admit, deny and allege as follows:

Counter Defendants deny the allegations in the introductory portion of the Counterclaim that Bikram is doing business as BYCOI, and allege that BYCOI is a limited partnership organized and existing under the laws of the State of California and in good standing with the Secretary of State of the State of California.

1. Counter Defendants admit that Levine is an entrepeneur based in Bangkok who runs health clubs throughout East Asia. Except as expressly admitted, Counter Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1, and on that basis, deny them.

2. Counter Defendants admit that in 2003 or 2004 Levine and Bikram were introduced and that Levine and Bikram entered into negotiations for Levine to become a licensee of BYCOI in Southeast Asia and to operate Bikram Yoga Schools in Southeast Asia and develop the Bikram brand throughout the South East Asian market. Except as expressly admitted, Counter Defendants deny the remaining allegations in paragraph 1 of the counterclaim.

3. Counterclaim Defendants admit that Levine was to develop the Bikram Yoga brand as set forth in the License Agreement attached to the complaint as Exhibit 1, and to expand the brand in South East Asia. Except as expressly admitted, Counter Defendants deny the remaining allegations of paragraph 3, and allege that evidence of said negotiations is barred by the parol evidence rule.

4. Counter Defendants admit that on or about January 4, 2004, BYCOI and Levine entered into a series of License Agreements signed by Levine and that BYCOI and Levine entered into a License Agreement for Thailand. Except as expressly admitted, Counter

Defendants deny the remaining allegations of paragraph 4.

5. Counter Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of the first and second sentences of paragraph 5, and on that basis, deny them. Counter Defendants deny the remaining allegations of paragraph 5.

6. Counter Defendants deny the allegations of paragraph 6.

7. Counter Defendants admit that BYCOI and Levine entered into a license agreement for Thailand attached to the Complaint as Exhibit 1, and that the terms and conditions of the License Agreement speak for themselves.

8. Counter Defendants admit that on or about January 4, 2004, BYCOI and Levine entered into license agreements for Singapore, Hong Kong and South Korea. Except as admitted herein, Counter Defendants deny the remaining allegations of paragraph 8.

9. Counter Defendants admit that the License Agreement for Thailand is attached as Exhibit 1 to the complaint, and that the terms and conditions of the License Agreement speak for themselves. Except as expressly admitted, Counter Defendants deny the remaining allegations of paragraph 9.

10. Counter Defendants admit that the License Agreement for Thailand is attached as Exhibit 1 to the Complaint, and that the terms and conditions of the License Agreement speak for themselves. Except as expressly admitted, Counter Defendants deny the remaining allegations of paragraph 10.

11. Counter Defendants admit they issued a "letter of consent" on February 7, 2004, and allege that the terms set forth in said writing speak for themselves. Counter Defendants admit that the License Agreement is attached as Exhibit 1 to the complaint, and that the terms and conditions of the License Agreement speak for themselves. Except as expressly admitted, Counter Defendants deny the remaining allegations of paragraph 11.

12. Counter Defendants admit that Bikram signed a letter dated January 28, 2005, and that the terms set forth in the letter speak for themselves. Except as expressly admitted, Counter Defendants deny the remaining allegations of paragraph 12.

13. Counter Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13, and on that basis, deny them.

14. Counter Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14, and on that basis, deny them.

15. Counter Defendants admit that Bikram traveled to Thailand and taught some yoga classes. Except as expressly admitted, Counter Defendants deny the remaining allegations of paragraph 15.

16. Counter Defendants admit that the License Agreement for Thailand is attached as Exhibit 1 to the complaint, and that the terms and conditions of the License Agreement speak for themselves. Except as expressly admitted, Counter Defendants deny the remaining allegations of paragraph 16.

17. Counter Defendants deny the allegations contained in paragraph 17.

18. Counter Defendants deny the allegations contained in paragraph 18.

19. Counter Defendants deny the allegations contained in paragraph 19.

20. Counter Defendants deny the allegations contained in paragraph 20.

21. Counter Defendants deny the allegations contained in paragraph 21.

22. Counter Defendants deny the allegations contained in paragraph 22.

23. Counter Defendants admit they sent a letter to Levine on August 13, 2007 terminating the License Agreements, and that the letter speaks for itself. Except as expressly admitted, Counter Defendants deny the remaining allegations of paragraph 23.

24. Counter Defendants deny the allegations contained in paragraph 24.

25. Counter Defendants deny the allegations contained in paragraph 25.

26. Counter Defendants deny the allegations contained in paragraph 26.

27. Counter Defendants have insufficient information and belief to enable them to respond to the allegations of paragraph 27 and, on that basis, deny said allegations.

28. Counter Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28, and on that basis, deny them.

29.

Counter Defendants admit that BYCOI's principal place of business is in Los Angeles, California. Except as expressly admitted, Counter Defendants deny the remaining allegations of paragraph 29.

30. Counter Defendants admit that Bikram is an individual domiciled in Los Angeles, California. Except as expressly admitted, Counter Defendants deny the remaining allegations contained in paragraph 30.

31. Counter Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31, and on that basis, deny them.   32. Counter Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32, and on that basis, deny them.   33. Counter Defendants admit that the Thai License Agreement is attached to the complaint as Exhibit 1, and that the terms and conditions of the License Agreement speak for themselves.

34. Counter Defendants incorporate herein by reference their responses to the allegations contained in paragraphs 1-33 of the counterclaim as though set forth in full, in reply to the allegations contained in paragraph 34.

35. Counter Defendants admit that Levine signed the Thai License Agreement. Except as expressly admitted herein, Counter Defendants deny the remaining allegations of paragraph 35.

36. Counter Defendants admit that the License Agreement for Thailand is attached as Exhibit 1 to the complaint, and that the terms and conditions of the License Agreement speak for themselves. Except as expressly admitted, Counter Defendants deny the remaining allegations of paragraph 36.

37. Counter Defendants admit that Bikram signed a letter dated January 28, 2005, and that the terms of the letter speak for themselves. Except as expressly admitted, Counter Defendants deny the remaining allegations of paragraph 37.

38. Counter Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38, and on that basis, deny them.   39.

Counter Defendants deny the allegations contained in paragraph 39.

40. Counter Defendants deny the allegations contained in paragraph 40.

41. Counter Defendants deny the allegations contained in paragraph 41.

42. Counter Defendants incorporate herein by reference their responses to the allegations contained in paragraphs 1-41 of the counterclaim as though set forth in full, in reply to the allegations contained in paragraph 42.

43. Counter Defendants deny the allegations contained in paragraph 43.

44. Counter Defendants deny the allegations contained in paragraph 44.

45. Counter Defendants admit that BYCOI and Levine entered into a license agreement for Thailand attached to the complaint as Exhibit 1, and that the terms and conditions of the License Agreement speak for themselves.

46. Counter Defendants admit that Bikram signed a letter dated January 28, 2005, and that the terms of the letter speak for themselves. Except as expressly admitted, Counter Defendants deny the remaining allegations of paragraph 46.

47. Counter Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47, and on that basis, deny them. 48. Counter Defendants deny the allegations contained in paragraph 48.

49. Counter Defendants deny the allegations contained in paragraph 49.

50. Counter Defendants deny the allegations contained in paragraph 50.

51. Counter Defendants incorporate herein by reference their responses to the allegations contained in paragraphs 1 through 50 of the counterclaim as though set forth in full, in reply to the allegations set forth in paragraph 51.

52. Counter Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of the first and last sentences of paragraph 52, and on that basis, deny them. Counter Defendants admit that Levine was to develop the Bikram Yoga brand as set forth in the License Agreement and to expand the brand in South East Asia. Counter Defendants deny the remaining allegations of paragraph 52, and allege that

REPLY TO COUNTERCLAIM

evidence of said negotiations is barred by the parol evidence rule. 53. Counter Defendants deny the allegations contained in paragraph 53.

54. Counter Defendants deny the allegations contained in paragraph 54.

55. Counter Defendants deny the allegations contained in paragraph 55.

56. Counter Defendants deny the allegations contained in paragraph 56.

57. Counter Defendants deny the allegations contained in paragraph 57.

58. Counter Defendants incorporate herein by reference their responses to the allegations contained in paragraphs 1-57 of the counterclaim as though set forth in full, in reply to the allegations contained in paragraph 58.

59. Counter Defendants deny the allegations contained in paragraph 59.

60. Counter Defendants deny the allegations contained in paragraph 60.

61. Counter Defendants deny the allegations contained in paragraph 61.

62. Counter Defendants deny the allegations contained in paragraph 62.

63. Counter Defendants deny the allegations contained in paragraph 63.

64. Counter Defendants deny the allegations contained in paragraph 64.

65. Counter Defendants incorporate herein by reference their responses to the allegations contained in paragraphs 1-64 of the counterclaim as though set forth in full, in reply to the allegations contained in paragraph 65.

66. Counter Defendants deny the allegations contained in paragraph 66, and further allege that the allegations concerning alleged negotiations and statements are barred by the parol evidence rule.

67. Counter Defendants deny the allegations contained in paragraph 67.

68. Counter Defendants deny the allegations contained in paragraph 68.

69. Counter Defendants deny the allegations contained in paragraph 69.

70. Counter Defendants incorporate herein by reference their responses to the allegations contained in paragraphs 1 through 69 of the counterclaim as though set forth in full, in reply to the allegations set forth in paragraph 70.

71. Counter Defendants deny the allegations contained in paragraph 71.

72. Counter Defendants deny the allegations contained in paragraph 72.

73. Counter Defendants deny the allegations contained in paragraph 73.

## AFFIRMATIVE DEFENSES

**AS AND FOR THEIR AFFIRMATIVE DEFENSES, Counter Defendants ASSERT AND ALLEGE AS FOLLOWS:**

### FIRST AFFIRMATIVE DEFENSE

1. The Counterclaim, and each purported claim for relief therein, fails to state a claim against these Counter Defendants.

### SECOND AFFIRMATIVE DEFENSE

2. Counterclaimants are estopped from asserting their claims for relief herein.

### THIRD AFFIRMATIVE DEFENSE

3. Counterclaimants are guilty of laches, which in whole or in part bars some or all of the relief requested in the counterclaim.

### FOURTH AFFIRMATIVE DEFENSE

4. The conduct of Counter Defendants was privileged and justified, in that Counter Defendants, among other things, asserted their legal right to terminate the License Agreements and to engage in the conduct alleged, with a good faith belief in those rights.

### FIFTH AFFIRMATIVE DEFENSE

5. Any performance on the part of Counter Defendants was excused by reason of Counterclaimants' prior material breach of contract.

### SIXTH AFFIRMATIVE DEFENSE

6. Counterclaimants' claims are barred by the applicable statutes of limitations.

### SEVENTH AFFIRMATIVE DEFENSE

7. Counter Defendants incorporate the claims set forth in their complaint as defenses to the Counterclaim and as set-offs against any recovery by Counterclaimants on their Counterclaim, if any.

**EIGHTH AFFIRMATIVE DEFENSE**

8. Counter Defendants allege that this Court lacks subject matter jurisdiction.

**NINTH AFFIRMATIVE DEFENSE**

9. Counter Defendants' alleged practices, conduct and acts are not unlawful in that Counter Defendants have complied with all applicable statutes and regulations.

**TENTH AFFIRMATIVE DEFENSE**

10. Counter Defendants' alleged practices are not "unfair" within the meaning of Business and Professions Code Section 17200. The utility of the practices outweigh any potential harm in that there were business justifications for doing so, and any such potential harm can be reasonable avoided.

**ELEVENTH AFFIRMATIVE DEFENSE**

11. Counter Defendants allege that Counterclaimants, and each of them, lack standing to pursue this action.

**TWELFTH AFFIRMATIVE DEFENSE**

12. Counterclaimants are barred from asserting their claims for relief because they are guilty of unclean hands by virtue of their acts and omissions with respect to the matters alleged in the complaint and in their counterclaim.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13. Counter Defendants' alleged practices did not mislead or deceive Counterclaimants within the meaning of Business and Professions Code Section 17200 and 17500.

**FOURTEENTH AFFIRMATIVE DEFENSE**

14. Counterclaimants failed to mitigate damages.

**FIFTEENTH AFFIRMATIVE DEFENSE**

15. Counterclaimants' claims are barred, in whole or in art, by consent to the conduct and/or practices at issue.

**SIXTEENTH AFFIRMATIVE DEFENSE**

16. Counterclaimants are barred from recovering any relief because Counterclaim Defendants had a reasonable basis for their actions as set forth in their complaint and were justified in their conduct and/or acted in good faith.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

17. This action is barred, in whole or in part, by the doctrine of ratification.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

18. Counter Defendants' alleged acts were not the proximate cause of any damages allegedly suffered by Counterclaimants, and their damages, if any, are instead attributable to their own acts, or to the acts of others, over which Counter Defendants have no control. In the event that any or all of the Counter Defendants are found liable for any damages asserted by Counterclaimants, Counter Defendants are entitled to have their liability, if any, diminished in proportion to the damages attributable to the culpable conduct of such persons or entities other than Counter Defendants.

**NINETEENTH AFFIRMATIVE DEFENSE**

19. Conditions precedent to any alleged contractual obligations, if any, of Counter Defendants did not occur or were not fulfilled, and Counter Defendants therefore had no duty to perform.

**TWENTIETH AFFIRMATIVE DEFENSE**

20. Counterclaimants have suffered no damages as a result of any act or omission of Counter Defendants and therefore Counterclaimants are barred from asserting any cause of action against Counter Defendants.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

21. Counterclaimants' claims for relief are barred because Counter Defendants' ability to perform their duties, if any, was hampered or rendered impossible by the conduct of Counterclaimants.

REPLY TO COUNTERCLAIM

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

22. Any damages to which Counterclaimants are found to be entitled must be decreased by the extent to which their own acts and omissions, or the acts or omissions of persons or entities acting for them or on their behalf or for whom or which they are responsible, were a cause of said damages, if any.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

23. To the extent Counterclaimants suffered any damages, such damages were proximately caused by persons, entities, and/or factors or events other than Counter Defendants and for which Counter Defendants were and are not responsible.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

24. Counterclaimants cannot recover any damages since those claimed are too speculative and/or remote to be recoverable by law.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

25. Counterclaimants have waived all claims asserted in their counterclaim, which in whole or in part bars the relief requested.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

26. Counter Defendants reserve the right to assert such other and further affirmative defenses as Counter Defendants learn of the bases for such defenses through discovery in this action or otherwise.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

27. CA WOW is not a third party beneficiary of the Thai License Agreement and has no standing to assert its claims herein.

**PRAYER FOR RELIEF**

WHEREFORE, Counter Defendants pray for relief as follows:

1. That Counterclaimants take nothing by way of their Counterclaim herein;
2. For attorneys fees incurred herein;

3. For costs of suit;

4. For such other and further relief as the Court deems just and proper.

DATED: July 6, 2008                    LAW OFFICES OF DIANA SPIELBERGER

By: _____
DIANA SPIELBERGER
Attorneys for Counter Defendants
Bikram's Yoga College of India, LP and
Bikram Choudhury

## DEMAND FOR JURY TRIAL

Counter Defendants Bikram's Yoga College of India, LP and Bikram Choudhury hereby demand a jury trial.

DATED: July 6, 2008                    LAW OFFICES OF DIANA SPIELBERGER

By: _____
DIANA SPIELBERGER
Attorneys for Counter Defendants
Bikram's Yoga College of India, LP and
Bikram Choudhury

REPLY TO COUNTERCLAIM

PROOF OF SERVICE

I am employed in Los Angeles County, State of California; I am over the age of 18 years and not a party to the within action; my business address is 2115 Main Street, Santa Monica, CA 90504.

On July 7, 2008 I served the foregoing **REPLY TO COUNTERCLAIM; DEMAND FOR JURY TRIAL** on interested parties in this action by placing a true copy thereof, enclosed in a sealed envelope, addressed as follows:

Michael E. Delehunt, Esq.
Page R. Barnes, Esq.
Foley & Lardner LLP
One Maritime Plaza, Sixth Floor
San Francisco, CA 94111-3409

XX    BY MAIL

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on the motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

____    (State)    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_X_    (Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed at Santa Monica, California, on July 7, 2008.

DIANA SPIELBERGER